UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAI VAN TRAN,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br>Respondent. | No. 1:26-cv-04098-DAD-CKD (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On May 28, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On May 29, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) Respondent was further directed to state any opposition it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

/////

On June 1, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.) In that opposition, respondent argues that petitioner's detention is lawful for several reasons. (*Id.* at 4.) First, respondent contends that there is a significant likelihood that petitioner will be removed to Vietnam in the reasonably foreseeable future because "[o]ver the last year, ICE has conducted monthly repatriation flights to Vietnam for similarly situated Vietnamese nationals that a decade ago ICE was unable to remove[]" and that the government expects to receive travel documents for petitioner by September 2026. (*Id.*) Second, according to respondent, petitioner has a serious criminal history and "decade-long failure to report to ICE while on OSUP." (*Id.* at 5.) Third, respondent argues that petitioner is not stuck in the "removable-but-unremovable limbo" because repatriations to Vietnam are routine and the government will remove petitioner once his travel documents are received. (*Id.*) Respondent also indicated that it does not oppose this court ruling directly on the merits of the underlying petition based upon the briefing currently before the court. (*Id.* at 1.)

On June 2, 2026, the court issued an order *sua sponte* appointing counsel for petitioner. (Doc. No. 7.) In that same order, the court directed that once appointed, counsel was to file a reply brief in support of the pending motion for temporary restraining order. (*Id.*) On June 16, 2026, counsel was appointed for petitioner (Doc. No. 8) and, on July 16, 2026, filed a reply brief (Doc. No. 10).

In that reply, counsel argues that petitioner's continued detention is unlawful because there is no significant likelihood of his removal in the reasonably foreseeable future. (*Id.* at 8.) Specifically, petitioner contends that the government has failed to obtain travel documents to Vietnam since petitioner was re-detained in December 2025 and the government's stated generalizations regarding its success in removing other individuals to Vietnam does not satisfy its burden to justify petitioner's continued detention. (*Id.* at 8–11.)

Based on the parties' briefing, the court finds the following facts. Petitioner is a native and citizen of Vietnam who became a lawful permanent resident of the United States in 1984. (Doc. No. 6-2 at 3.) In 1991 and 1994, petitioner sustained multiple convictions for burglary. (*Id.*) On January 17, 2006, petitioner was placed into removal proceedings after attempting to re-

enter the country as a returning permanent resident. (*Id.* at 2.) On August 8, 2012, petitioner was ordered removed to Vietnam. (*Id.* at 3.) Petitioner remained in ICE detention from September 14, 2012 to December 12, 2012, when he was released from custody on an order of supervision after ICE was unable to effectuate his removal to Vietnam. (Doc. No. 6-6.) Petitioner failed to report in person with ICE from January 2014 to December 12, 2025 when he voluntarily reported in person with the intention to "request a date to report, [and] because of increased ICE activity Petitioner wanted to take all steps necessary to comply with any reporting requirements that may still apply to his case." (Doc. No. 10-1 at ¶ 5.) On that day, ICE re-detained petitioner and he has remained in ICE detention since then. (*Id.*)

After re-detaining him, ICE officials provided petitioner with a notice of revocation of release stating that he was being re-detained because ICE determined that, there were changed circumstances in his case such that petitioner could be "expeditiously removed from the United States (U.S.) pursuant to the outstanding order of removal" and that petitioner had violated the conditions of his release by failing to report to ICE on a yearly basis beginning on January 6, 2014. (Doc. No. 6-7 at 1.) On February 20, 2026, ICE submitted a travel document request to Vietnam. (Doc. No. 6-1 at ¶ 22.) ICE has made three follow-up inquiries into the status of petitioner's travel documents. (*Id.* at ¶ 24.) Petitioner's most recent communication with ICE took place on June 23, 2026 (Doc. No. 10-1 at ¶¶ 7–8), and there is presently still no indication that travel documents have been received or that Vietnam has responded to the government's communications with respect to petitioner.

When a noncitizen is ordered removed, the government must detain them for a 90-day period, commonly referred to as the "removal period," to effectuate that noncitizen's removal. 8 U.S.C. § 1231(a)(1). If government fails to remove them during the removal period, the noncitizen "pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). However, the government may continue to detain noncitizens past the removal period. 8 U.S.C. § 1231(a)(6).

The Supreme Court held that a 6-month period of detention of noncitizens subject to a removal order is presumptively reasonable. *Zadvydas v. Davis*, 533 U.S. 678, at 701 (2001).

"After this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* However, "'[t]he burden-shifting framework from *Zadvydas* does not apply[] where the petitioner has already been 'issued a final order of removal, detained, and subsequently released on an' OSUP." *Espada v. Doe*, No. 5:25-cv-02983-JWH-KES, 2026 WL 181539, at *5 (C.D. Cal. Jan. 20, 2026) (citation omitted), *report and recommendation adopted*, No. 5:25-cv-02983-JWH-KES, 2026 WL 192150 (C.D. Cal. Jan. 23, 2026); *see also Fataliyeva v. Santacruz*, No. 5:26-cv-00506-DTB, 2026 WL 1206010, at *4 (C.D. Cal. Apr. 28, 2026) ("This means that noncitizens subject to revocation of their order of supervision have already met their burden to show 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'") (citation omitted). Instead, "[t]he regulations at 8 C.F.R. §§ 241.13(i) and 241.4(l)[1] apply to non-citizens in petitioner's situation and outline the process to be followed." *Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1163 (E.D. Cal. 2025). Under § 241.13, the government may re-detain a noncitizen subject to an order of supervision in two circumstances. First, if a noncitizen violates the conditions of their release, they "may be returned to custody" and "may be continued in detention for an additional six months in order to effect [their] removal, if possible, and to effect the conditions under which the alien had been released." 8 C.F.R. § 241.13(i)(1). Second, a noncitizen's release may be revoked "if, on account of changed circumstances, the Service

/////

[1] While not raised by the parties, there is no evidence before the court indicating that immigration authorities provided petitioner with an informal interview in compliance with the regulations governing the revocation of release. 8 C.F.R. § 241.4(l) (requiring the government to provide notice of the reasons for revocation of their release *and* provide the noncitizen with "an initial informal interview promptly after his or her return to" custody). That alone would provide an independent basis to order petitioner's release from ICE detention. *See Bui*, 2025 WL 4061564, at *4 ("The Court need not decide whether the reasons for revocation of Petitioner's release were adequate, as Respondents do not refute that they have failed to give Petitioner his entitled informal interview. As Petitioner must be afforded both notification of the reasons for revocation of his release *and* an informal interview, the Court finds that Respondents failed to follow the appropriate procedures when revoking his release. This failure is in clear violation of federal immigration laws and Petitioner's procedural due process rights, rendering Petitioner's current detention unlawful.").

determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2).

Here, as noted above, the notice of revocation of release indicated that petitioner was re-detained because ICE determined that there were changed circumstances in petitioner's case and because he failed to comply with the reporting requirements of his supervised release. (Doc. No. 6-7 at 1.) Thus, it appears that petitioner's release was revoked both because he violated the conditions of his release and because ICE has determined that there is a significant likelihood that his removal can be effectuated in the reasonably foreseeable future. On both counts, petitioner's continued detention is presently unjustified.

First, petitioner's continued detention is no longer authorized by § 241.13(i)(1). Petitioner has now been in detention for more than six months since ICE determined that he violated the conditions of his release. The plain language of the regulation indicates that the continued detention of a noncitizen who violates the conditions of their release is authorized only for an additional six months. 8 C.F.R. § 241.13(i)(1). *Banos-Jiron v. Lyons*, No. 1:26-cv-00716-KES-CDB (HC), 2026 WL 972527, at *4 (E.D. Cal. Apr. 10, 2026) ("The plain meaning of the provision that '[t]he alien may be continued in detention *for an additional six months*' limits detention based on a violation of the Order of Supervision to six months.") (citing 8 C.F.R. § 241.13(i)(1)).

Additionally, the court cannot conclude that his detention is authorized by § 241.13(i)(2) because respondent has failed to satisfy its burden that there is a significant likelihood that petitioner's removal will be executed in the reasonably foreseeable future. As noted, a finding that that a removal will likely occur in the reasonably foreseeable future must be based upon changed circumstances. 8 U.S.C. § 241.13(i)(2). Here, respondent has submitted a declaration from a deportation officer ("D.O.") in support of the contention that this burden has been satisfied. In that declaration, the D.O. states that a travel document request was submitted to Vietnam on February 20, 2026, and that the government has made three requests for an update regarding the status of those travel documents on March 30, 2026, April 29, 2026, and May 19, 2026. (Doc. No. 6-1 at ¶¶ 22, 24.) The D.O. further states in a conclusory fashion that ICE has

obtained hundreds of travel documents for "similarly situated Vietnamese nationals[;]" ICE has chartered monthly flights to Vietnam since January 2025, including the repatriation of two Vietnamese nationals through ICE's Bakersfield location in May 2026; the average receipt time of travel documents from Vietnam is six months; ICE anticipates petitioner's travel documents will be received by August 2026; and petitioner's removal will be effectuated by September 2026. (*Id.* at ¶¶ 28, 30–32.) This showing is insufficient to satisfy the government's burden here.

First, petitioner was re-detained on December 12, 2025, but respondent did not request travel documents for him until February 20, 2026, more two months after re-detaining him. This two-month delay weighs against a finding that the government concluded that there were changed circumstances to justify petitioner's re-detention pursuant to § 241.13(i)(2). *See Bonilla v. Noem*, No. 1:26-cv-01425-DC-SCR (HC), 2026 WL 849579, at *3 (E.D. Cal. Mar. 27, 2026) (collecting cases where courts held that requesting travel documents after re-detaining a petitioner weighed against a finding of changed circumstances). Further, respondent's contention that it has had success with removing other individuals to Vietnam without explaining how those individuals are similar to petitioner is also insufficient. *See Bui v. Noem*, No. 5:25-CV-03370-RGK-AJR, 2025 WL 4061564, at *3 (C.D. Cal. Dec. 30, 2025) ("[E]vidence that others have been removed, without a specific comparison to Petitioner's case, do little to show that Petitioner, himself, is likely to be removed in the reasonably foreseeable future."); *Nguyen v. Noem*, 817 F. Supp. 3d 889, 897 (C.D. Cal. 2025) ("And Respondents' reliance on three instances of individuals being repatriated to Vietnam is 'hardly persuasive' to demonstrate changed circumstances, especially without more information on whether those individuals are similar to Petitioner."). Finally, because respondent has not provided any information regarding the other individuals that it has

/////

/////

/////

/////

/////

/////

successfully removed to Vietnam, the court cannot conclude that respondent's purported "average" timeline of six-month to receive travel documents will likely apply to petitioner.[2]

Accordingly, the court concludes that respondents have failed to satisfy their burden of establishing that petitioner's removal is reasonably foreseeable and therefore his continued detention is unlawful.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner Hai Van Tran, A-File No. 025-347-719, from respondent's custody on the same conditions he was subject to prior to his re-detention on or about December 12, 2025;
   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before a neutral adjudicator;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;
3. The Clerk of the Court is directed to serve the California City detention facility with a copy of this order; and

/////

/////

/////

---

[2] The circumstances surrounding the immigration history of other individuals that ICE has had success with removing and obtaining travel documents for is particularly important information because petitioner was admitted to the United States before 1995, and it has been observed that the government has had limited success in removing pre-1995 Vietnamese immigrants. *Van Nguyen v. Marin*, No. 5:26-cv-01552-MBK, 2026 WL 1847865, at *1 (C.D. Cal. May 22, 2026) ("While the Government has been able to remove some pre-1995 Vietnamese immigrants pursuant to a 2020 agreement between the United States and Vietnam, such removals are relatively rare.").

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **July 21, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE